UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER SHAREEF ARABO,

    Plaintiff,

vs.                                                                      Case No. 12-11003

GREEKTOWN CASINO, LLC, LEE HOWES,             HON. AVERN COHN
JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, WAYNE GALLAGHER, JOHN
H. AUTREY, JOHN DOE #5, JANE DOE #1,
JOHN DOE #6, JOHN DOE #7, CITY OF
DETROIT, TERRY BONDS, WILLIAM
BREWSTER, REBECCA GAJESKI, MGM GRAND
DETROIT, LLC, JANE SMITH #1, JAMES
ROGERS, MICHIGAN GAMING CONTROL
BOARD, JOHN JONES #1, AMY BRANNAN,
STEPHEN FORD, JOHN DOES #8 TO 100,
RICHARD ROSES #1 TO 100, JOHN SMITHS
#2 TO 100, JOHN JONES #2 TO 100,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING GREEKTOWN'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 35)[1]**

**I. INTRODUCTION**

This is violation of due process and equal protection case under 42 U.S.C. §§ 1983, 1985, 1986, and 2000, with several state-law claims. Plaintiff Peter Arabo regularly played blackjack at the Greektown and MGM Grand casinos in Detroit. Based on two separate incidents, Arabo has been banned from both casinos.

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Arabo initially sued the following defendants: (1) the Michigan Gaming Control Board ("MGCB"), a governmental entity created by the Michigan Gaming Control and Revenue Act of 1996 ("MGCRA"); (2) Amy Brannon, an MGCB gaming regulation officer; (3) John Jones #1, an MGCB gaming regulation officer; (4) John Jones #2-100, MGCB employees; (5) Greektown Casino, L.L.C., a casino located in Detroit, Michigan; (6) MGM Grand Casino, L.L.C, a casino located in Detroit, Michigan; (7) Lee Howes, a Greektown dealer supervisor; (8) Wayne Gallagher, a Greektown security officer; (9) John Autrey, Greektown's security director; (10) John Doe #1, a uniformed Greektown security guard; (11) John Doe #2, a Greektown employee supervisor; (12) John Doe #3, a uniformed Greektown security guard; (13) John Doe #4, a Greektown employee supervisor; (14) John Doe #5, a uniformed Greektown security guard; (15) John Doe #6, a Greektown security guard; (16) John Doe #7, a Greektown security guard; (17) John Does #8-100, Greektown employees; (18) Jane Doe #1, a Greektown employee supervisor; (19) Jane Smith #1, an MGM Grand pit manager; (20) John Smiths #2-100, MGM Grand employees; (21) James Rogers, an MGM Grand executive; (22) the City of Detroit; (23) Terry Bonds, a Detroit Police Officer; (24) William Brewster, a Detroit Police Officer; (25) Rebecca Gajeski, a Detroit Police Officer; (26) Richard Roes #1-100, City of Detroit employees; and (27) Stephen Ford, a Michigan State Police trooper.

The Court entered an order granting the City of Detroit's motion to dismiss (Doc. 29). The Court also entered an order granting MGM Grand's and Amy Brannan's motion to

2

dismiss (Doc. 33).[2]  Thus, the only defendants remaining in this case are Greektown and its employees.

The pending claims against Greektown and its employees are as follows:

| | |
|---|---|
| Count II | Denial of Due Process; |
| Count IV | Denial of Equal Protection; |
| Count V | Fourth Amendment – Unlawful Seizure and Excessive Force; |
| Count VI | Fourth Amendment – False Arrest and Imprisonment; |
| Count VII | First Amendment – Retaliation and Selective Enforcement; |
| Count VIII | Violations of 42 U.S.C. § 2000a-1; |
| Count IX | Violations of Michigan's Elliot-Larsen Civil Rights Act; |
| Count X | Common Law Assault and Battery; and |
| Count XI | Common Law False Arrest, Imprisonment, Abuse of Process, and Malicious Prosecution. |

Now before the Court is Greektown's motion for partial summary judgment as to count VII (First Amendment retaliation and selective enforcement).[3]  For the reasons that follow, the motion will be granted.

## II.  BACKGROUND[4]

---

[2] This order also dismissed Michigan State Police trooper Ford, who was not served with the complaint, and Richard Roes #1-100.

[3] In response to the motion, Arabo filed a response to the statement of material facts and attached his own affidavit as an exhibit.  He did not file a separate response brief.

[4] The material facts are stated in the Court's prior order (Doc. 33).  Since the only remaining defendants are Greektown and its employees, the facts will be limited to the incident that occurred at Greektown.

On March 6, 2010, at approximately 3:17 AM, Arabo was playing blackjack at Greektown. He was at "Pit #9," a table that included himself, two other players and the dealer. During the game, Arabo says the dealer erroneously dealt one of the other players a card. Because of this, Howes ordered a security review of the table. Howes determined that the card was properly dealt and ordered the game to continue. Arabo objected and asked for permission to withdraw his pending bets. However, Howes insisted the game continue. The dealer drew a card and, as a result, Arabo lost his bets totaling $425.00.

Although Arabo lost his bets, he removed his betting chips from the table. He says he believed he could withdraw his pending bets. He attempted to leave the casino near a crosswalk area but was confronted by Greektown's security personnel, Gallagher and Norman Fulton (Fulton). A verbal discussion turned into a physical altercation. During the altercation, Bonds, a Detroit Police Officer, arrived at the scene. The parties dispute the point in time at which Bonds arrived. Greektown says that Bonds arrived before Arabo was handcuffed and instructed Gallagher to handcuff Arabo. Arabo says he was already handcuffed by Greektown personnel by the time Bonds arrived.

Arabo was taken into custody by Bonds and questioned by a Michigan State Police detective. He was released shortly after but told never to return to the casino. He remains banned from the casino.

On April 6, 2010, the Michigan State Police submitted a warrant request to the Michigan Attorney General's Office to prosecute Arabo on a larceny charge.

On August 18, 2010, a Wayne County Circuit Court judge signed a felony criminal complaint and a warrant for Arabo's arrest.

Arabo was arrested and later arraigned in 36th District Court on September 13, 2010. After a preliminary examination, Arabo was bound over for trial.

On February 25, 2011, after a bench trial, Arabo was acquitted of the criminal charges. The court further determined that Arabo lost the bet in question and the amount of the bet was not returned to him.

### III. LEGAL STANDARD

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009). The Court must "view the facts in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences." King v. Taylor, 694 F.3d 650, 661 (6th Cir. 2012) (citation omitted). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### IV. DISCUSSION

Count VII of Arabo's complaint claims that criminal charges were filed against him in retaliation for threatening Greektown with a personal injury lawsuit:

> By filing criminal charges in retaliation for such protected conduct, the Defendants, Greektown Casino, LLC., Lee Howes

5

>and Stephen Ford violated Peter Arabo's First Amendment rights.

(Doc. 1, p. 35). Arabo claims this amounted to First Amendment retaliation and selective enforcement. The Court disagrees.

### A. First Amendment Retaliatory Prosecution

**1.**

The Sixth Circuit has explained that, in order to demonstrate a retaliatory prosecution in violation of the First Amendment, a plaintiff must establish three elements:

> (1) [the plaintiff] engaged in a constitutionally protected activity; (2) the defendant brought criminal charges, for which there was an absence of probable cause, against the plaintiff; and (3) the defendant's criminal prosecution of the plaintiff was motivated, at least in part, as a response to the plaintiff's exercise of his or her constitutional rights.

Kinkus v. Vill. of Yorkville, Ohio, 289 F. App'x 86, 95 (6th Cir. 2008) (citing Hartman v. Moore, 547 U.S. 250, 256 (2006); Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 821 (6th Cir. 2007); Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998)).

**2.**

Arabo's claim is fundamentally flawed. Greektown did not "bring" the criminal charges against him. Greektown does not have the ability to bring criminal charges against anyone. The prosecution was "brought" by the Michigan Attorney General.

Even assuming that Greektown brought the criminal charges against Arabo, he has not proffered any evidence that there was a lack of probable cause to bring the prosecution. Nor can he. After his conduct on the night in question at Greektown, the

Michigan State Police submitted a warrant request to the Michigan Attorney General's office. The warrant was signed and issued by a Wayne County Circuit Court judge. After a preliminary examination in the 36th District Court, Arabo was bound over for trial. Under Michigan law, "the district court must bind the defendant over for trial if, at the conclusion of the preliminary examination, the district court finds 'probable cause' to believe that the defendant committed the crime." People v. Orzame, 224 Mich. App. 551, 558 (1997). The court's binding Arabo over for trial is conclusive proof that probable cause existed to bring a prosecution against him. Greektown is entitled to summary judgment on Arabo's First Amendment retaliatory prosecution claim.

### B. Selective Enforcement

**1.**

Selective enforcement claims are reviewed " 'according to ordinary Equal Protection standards, which require a [plaintiff] to show both a discriminatory purpose and a discriminatory effect. . . .' " Mitchell v. Boelcke, 440 F.3d 300, 305 (6th Cir. 2006) (citing Gardenshire v. Schubert, 205 F.3d 303, 318 (6th Cir. 2000)). The Sixth Circuit applies a three-part test to determine whether selective enforcement has occurred:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

Id. (citing Gardenshire, 205 F.3d at 319) (alterations in original).

**2.**

Like the retaliatory prosecution claim, Arabo cannot maintain a claim of selective enforcement against Greektown because Greektown did not "bring" the prosecution; the Michigan Attorney General did.  Further, assuming Arabo could maintain a claim against Greektown, he has not proffered any evidence which shows Greektown acted with a discriminatory purpose and that it had a discriminatory effect.  He has not established that he is a person of an "identifiable group" who was singled out for prosecution.  Summary judgment will be granted to Greektown on this claim.

## V. CONCLUSION

For the reasons stated above, Greektown's motion for partial summary judgment is GRANTED.  Count VII (First Amendment retaliation and selective enforcement) is DISMISSED.  The case proceeds against Greektown and its employees on counts II (denial of due process), IV (denial of equal protection), V (unlawful seizure and excessive force), VI (false arrest and imprisonment), VIII (violations of 42 U.S.C. § 2000a-1), IX (violations of Michigan's Elliot-Larsen Civil Rights Act),  X (common law assault and battery), and XI (common law false arrest, imprisonment, abuse of process, and malicious prosecution).

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 13, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160